Our File No. 201734

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT OF NEW JERSEY

| | |
|---|---|
| STEPHEN J. COCHI, ESQ., TEMPORARY ADMINISTRATOR OF THE ESTATE OF FRED A. EGERTON, deceased,<br>　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>EDWIN CHATMAN, SERVICE TRUCKING, INC.<br><br>　　　　　　　　　　Defendants | CIVIL ACTION NO.: |

### NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF JERSEY:

Defendant, Service Trucking, Inc., by and through its attorneys, Salmon Ricchezza Singer & Turchi, LLP, respectfully avers as follows:

1. At all material times, plaintiff, Stephen J. Cochi, Esq. as temporary administrator of the Estate of Fred A. Egerton, deceased, was and is a citizen of the State of New Jersey. (See Exhibit "A"- Letters of Temporary Administration).

2. At all material times, deceased, Fred A. Egerton, was a citizen of the State of New Jersey. (See Exhibit "B"- Plaintiff's Complaint).

3. At all material times, defendant Service Trucking, Inc. was and is a corporation incorporated under the laws of the State of Florida with its principal place of business in Eustis, Florida.

4. At all material times, Defendant Edwin Chatman, was and is a citizen of a Mt. Dora, Florida.

{00309274.DOCX}

5. Plaintiff commenced a civil action against defendants in the Superior Court of New Jersey, Bergen County, on or about December 5, 2017. Plaintiff forwarded a carbon copy of the Complaint via certified and regular mail on December 13, 2017 to Defendant Service Trucking, Inc.

6. Upon information and belief, defendant, Edwin Chatman, has not been properly served. Therefore, pursuant to Lewis v. Rego Co., 757 F.2d 66 (3rd Cir. 1985), the consent of Edwin Chatman is not required for removal. Notwithstanding, through counsel herein, Edwin Chatman, consents to the removal of this matter to Federal Court.

7. Therefore, this removal is timely filed.

8. A review of Plaintiff's Complaint reveals that it does not contain an *ad damnum* clause alleging a specific amount in controversy. However, the Complaint alleges the following: "[a]s a result of the aforesaid acts of carelessness and negligence of the Defendants, jointly or severally, the Plaintiff decedent was injured and sustained pain and suffering which resulted in his death." (See Exhibit "B", paragraph 8).

9. Accordingly, plaintiff has set forth a claim in which an amount in excess of the jurisdictional limit of $75,000, exclusive of interest and costs, may be at stake.

10. Diversity of citizenship within the meaning of 28 U.S.C. §1332 exists between plaintiff and defendants since:

(a) At all material times, plaintiff, Stephen J. Cochi, Esq. as temporary administrator of the Estate of Fred A. Egerton, deceased, was and is a citizen of the State of New Jersey.

(b) At all material times, deceased, Fred A. Egerton, was a citizen of the State of New Jersey.

{00309274.DOCX}

(c) At all material times, defendant, Service Trucking, Inc., was and is a corporation organized under the laws of the State of Florida, with its principal place of business in Eustis, Florida.

(d) At all material times, Defendant Edwin Chatman, was and is a citizen of a Mt. Dora, Florida.

11. Furthermore, diversity of citizenship existed at the time the action sought to be removed was commenced and continues through the time of filing of this notice, such that defendants are entitled to removal pursuant to 28 U.S.C. §1441 as amended, and 28 U.S.C. §1446.

**WHEREFORE**, Defendant, Service Trucking, Inc., herein prays that the above captioned action now pending in the Supreme Court, Bergen County, be removed there from to this Honorable Court.

SALMON RICCHEZZA SINGER & TURCHI LLP

BY: _____ 12/29/17
Jeffrey A. Segal, Esquire
Attorney for Defendant,
Service Trucking, Inc.

{00309274.DOCX}